UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY BURTON,<br>*Plaintiff*,<br><br>v.<br><br>NED LAMONT, et al.,<br>*Defendants*. | Civil No. 3:22-cv-1591 (OAW) |

## ORDER DENYING REQUEST TO FILE

The plaintiff, Nancy Burton ("Ms. Burton"), filed a Motion for Permission to File a Complaint, ECF No. 1.  For the following reasons, the motion is **DENIED.**

In an Order dated July 24, 2002, the court in *Egri v. CT Yankee Atomic Power Co.***,** 3:02-cv-0400 (AHN), noted a July 1, 2002 Order finding "Nancy Burton[1] to be in contempt for violating the Permanent Injunction entered by the Court on March 15, 2002." *Id.*, ECF No. 95 at 1.  The court ordered her "to pay . . . reasonable fees and expenses in the amount of $171,546.80." *Id.*  On August 21, 2002, Ms. Burton filed an appeal of the court's order. *Id.*, ECF No. 113.  On July 1, 2003, the court granted Defendant's Motion for Contempt. *Id.* at 151.  In a Mandate dated July 24, 2003, the Second Circuit stated

> Petitioners[2] have filed a petition for a writ of mandamus to direct the district court to 'cease interference' in a lawsuit currently pending in Connecticut state court, and to vacate its order finding petitioner Nancy Burton in contempt of court. Upon due consideration, it is ORDERED that the petition is denied. Petitioners have not demonstrated that the district court's actions were in error. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984).

---

[1] Ms. Burton was counsel of record for the plaintiffs in that case.
[2] In addition to Ms. Burton's appeal, Plaintiffs filed appeals dated June 27, 2002, ECF No. 74, July 1, 2002 (Amended Notice of Appeal), ECF No. 76, and July 3, 2002, ECF No. 86.

1

*Id.* at ECF No. 156.  On August 7, 2003, Plaintiffs appealed the contempt order and on December 23, 2003,[3] the Second Circuit summarily affirmed the district court.  *Id.* at ECF No. 164.[4]

On May 3, 2004, in *Reynolds v. Blumenthal*, 3:04-cv-00218 (PCD), the court concluded that "[i]n the absence of payment of the sanctions ordered by Judge Nevas, pursuant to Local Rule 16(g)(2) Attorney Burton is foreclosed from filing any pleadings in this Court."  *Id.*, ECF No. 26 at 1.

> Local Rule 16(g)(2) provides that
>
> "[n]o attorney or litigant against whom a final order of monetary sanctions has been imposed may file any pleading or other document until the sanctions have been paid in full. Pending payment, such attorney or litigant also may be barred from appearing in court. An order imposing monetary sanctions becomes final for the purposes of this local rule when the Court of Appeals issues its mandate or the time for filing an appeal expires.

D. Conn. L. Civ. R. 16(g)(2); *Friedman v. Bloomberg, L.P.*, 2022 WL 624449, at *2 (D. Conn. Mar. 3, 2022).

Plaintiff has not provided any evidence that she has paid the court-ordered sanctions.  Consequently, from the time of the Second Circuit's denials of the aforementioned appeals, she has been barred from "fil[ing] any pleading or other document until the sanctions have been paid in full."  D. Conn. L. Civ. R. 16(g)(2). Pursuant to the provisions of Rule 16, she is not permitted to file the complaint in this case[5] and her request to do so hereby is **DENIED.**

---

[3] Although docketed on August 20, 2008, the Mandate is dated December 23, 2003.
[4] The Court of Appeals specifically noted that Defendants/Appellees had filed a motion "for summary affirmance of [the] district court['s] order finding attorney Nancy Burton in contempt of court for violating a permanent injunction issued by the district court . . . ."  *Id.*  The Second Circuit concluded that "[i]n light of [its] July 1, 2003 summary order upholding a prior order holding Burton in contempt for nearly identical violations of the district court's injunction, the issues presented by this appeal are frivolous."  *Id.*
[5] The court further notes that Plaintiff has failed to provide a basis for this court's jurisdiction over her claims. Specifically, although she maintains that Defendants have violated her constitutional rights, her claim

2

**IT IS SO ORDERED** at Hartford, Connecticut, this 3rd day of January, 2023.

                                                                  /s/
                                        Omar A. Williams
                                        United States District Judge

---

appears to seek reversal of a state court judgment. *See* Amended Complaint, ECF No. 10 at ¶ 2 ("This action is further brought to enjoin enforcement of the judgment rendered by the Superior Court of the State of Connecticut in favor of the plaintiff therein and against plaintiff herein in State of Connecticut ex rel. Jeremiah Dunn v. 65 Goats et al., X06-UWY-CV-21-6065254-S, presently pending on appeal before the Connecticut Appellate Court, AC 45710.")  The *Rooker-Feldman* doctrine bars federal district courts from hearing appeals from state-court judgments. *Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 540 (E.D.N.Y. 2013), *aff'd*, 560 F. App'x 6 (2d Cir. 2014) (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)).  It is intended to have narrow application, though.  *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The Second Circuit has limited the applicability of the doctrine to cases that satisfy four criteria: (1) "the federal-court plaintiff must have lost in state court[;]" (2) "the plaintiff must complain[ ] of injuries caused by [a] state-court judgment[;]" (3) "the plaintiff must invite district court review and rejection of [that] judgment[ ][;]" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced . . . ."  *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (internal quotations omitted).

      Further, *Younger v. Harris*, 401 U.S. 37 (1971) "requires federal courts to abstain from exercising jurisdiction over claims that implicate ongoing state proceedings."  *Torres v. Gaines*, 130 F. Supp. 3d 630, 635 (D. Conn. 2015) (citing *Younger*, 401 U.S. at 43-44).  *Younger* "applies if the federal action involves ongoing: (1) 'state criminal prosecutions'; (2) 'civil proceedings that are akin to criminal prosecutions'; or (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'"  *Id.* at 636 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72—73 (2013)).  It may apply to claims for injunctive and declaratory relief.  *Id.* at 636—37.  With respect to claims seeking monetary relief, the courts have recognized that a stay is appropriate.  *Id.* (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000)); *see also Chapdelaine v. Desjardin*, 2022 WL 4448890, at *13 (D. Conn. Sept. 23, 2022).

3